UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-0522 |
| | ) | Judge Campbell |
| KENNETH W. CULP, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Pending before the Court is a Motion to Stay Proceedings filed by Defendants Kenneth W. Culp, Jr. and Cathy R. Culp (Docket No. 26), to which the United States of America has filed a Response in opposition (Docket No. 33).

### I. PROCEDURAL HISTORY AND FACTS[1]

On or about June 27, 2005, pursuant to 26 U.S.C. § 7401, the Internal Revenue Service ("IRS") authorized the Tax Division of the United States Department of Justice to file suit against Defendants Kenneth and Cathy Culp to recover an income tax refund erroneously paid to the Culps on or about July 7, 2003, pursuant to 26 U.S.C. § 7405. The dispute centers on Defendant Cathy Culp's receipt and ownership of stock in Cap Gemini, S.A. in the tax year 2000 ("the Cap Gemini Issue"). On July 5, 2005, the Tax Division filed the United States' Complaint in this action.

---

[1] Unless otherwise noted, the procedural history and facts are taken from the Culps' Motion to Stay Proceedings, the United States' Response thereto, and supporting exhibits, and are undisputed by the parties. (Docket Nos. 26 and 33).

1

This case is the first of twelve cases involving the Cap Gemini issue that the IRS, to date, has referred to the Tax Division. Presently, there are in excess of two hundred (200) actions related to this action pending in different forums across the country. The different forums involved include the IRS Appeals Office, the United States Tax Court, the United States Court of Federal Claims, and other United States District Courts. These actions are based on virtually the identical substantive tax issue involved with this litigation, the Cap Gemini Issue. Besides the present case, the Tax Division currently represents the United States in eleven (11) other cases involving the Cap Gemini Issue. Of those eleven (11) cases, nine (9) have been stayed since inception at the joint requests of the taxpayers and the United States. According to the United States, it agreed to stay those cases because the instant case was "first in line" and is the appropriate "test case" for resolving the Cap Gemini Issue.

Several dozen cases involving the Cap Gemini Issue are docketed in United States Tax Court. The Tax Court cases, and many more Cap Gemini cases not yet in litigation, but still at an administrative level, are under consideration by the IRS Appeals Office, the arm of the IRS that is responsible for negotiating and approving administrative settlements with taxpayers. On September 20, 2006, at the joint request of taxpayers and the IRS, the Tax Court continued the trials of these cases.

On January 18, 2006, the Culps asked whether the United States would agree to stay this case, and the United States declined "because the requested stay would have frustrated [its] litigation efforts in this test case." (Docket No. 33 at 7).

Little to no discovery has taken place in the other Cap Gemini cases. Conversely, discovery is complete in the instant action. The United States has conducted substantial written discovery and

has deposed three witnesses. To conduct these depositions, counsel for the United States had to travel once to Nashville, Tennessee, and twice to Manhattan, New York, from its offices in Washington, D.C. The United States represents that it has incurred substantial expense in prosecuting this action, having worked 634.5 hours on this case. Further, the United States represents that it has incurred out-of-pocket litigation costs of $7,436.31.

The United States filed a Motion for Summary Judgment on August 9, 2006. The Culps requested, and the United States did not oppose, a seventeen (17) day extension of time in which to respond. The parties further agreed to an extension of the expert discovery cut-off to December 15, 2006. Jointly requesting these modifications to the pre-trial schedule, the parties "submit[ted] that these requested modifications will not affect the currently scheduled trial date of February 6, 2007." (Docket No. 20). After the Court granted the requested extension, the Culps filed their Response to the summary judgment motion on September 25, 2006.

On October 6, 2006, the Culps moved to stay this action. According to the Culps, a "global" settlement conference has been scheduled for November 29, 2006, in the Houston, Texas Appeals Office of the IRS specifically involving those cases before the IRS Appeals Office and the United States Tax Court. The Culps advise the Court that "a stay of this action, including the stay of a determination by this Court regarding Plaintiff's pending Motion for Summary Judgment, could have the effect of settling these numerous other actions around the country with the potential 'ripple' effect of resolving this action." (Docket No. 26 at 1-2). If a settlement is reached in those other actions which the United States is unwilling to apply to the instant action, the Culps alternatively ask the Court to submit this action to alternative dispute resolution ("ADR"). (Id.)

The United States opposes the Culps' request to stay this action, contending: (1) the request

3

for a stay is an attempt to short-circuit this litigation by avoiding a ruling by the Court on the dispositive legal issues in this action; (2) the "global" settlement with the IRS to which the Culps refer is "nothing more than rank conjecture . . . that may never come to pass"; (3) even if it does, the United States would not be bound to settle this case on like terms; and (4) the requested stay, if granted, would severely prejudice the United States. (Docket No. 33 at 11). The United States further contends that forcing the United States into ADR proceedings would violate the Anti-Injunction Act. (Docket No. 33 at 13).

The United States' Motion for Summary Judgment is fully briefed and ready for the Court's decision. The case is set for trial on February 6, 2007, with a pretrial conference on January 29, 2007.

## II. ANALYSIS

The Culps' reason for seeking a stay is that a "global" settlement of the Cap Gemini Issue by the IRS <u>could</u> result from the settlement conference scheduled in Houston on November 29, 2006. However, the Culps have submitted no evidence that the scheduled conference with certain taxpayers affected by the Cap Gemini Issue will likely resolve any or all of the pending lawsuits, including the instant action, involving the Cap Gemini Issue.[2] The United States feels strongly that its legal position is supported by binding case law in the Third, Fifth, Sixth, Eleventh, and Federal Circuits, and that there is little chance of a favorable "global" settlement of the Cap Gemini Issue.

---

[2] The Culps' Motion is supported by the Declaration of Allan D. Teplinksy, Esq., the attorney representing a large number of the taxpayers involved with related Cap Gemini Issue cases around the country. (Docket No. 26 at 1). Although Mr. Teplinsky provides much detail regarding the background of many cases and outlines his reasons for advocating a stay, he says only that he is "<u>hopeful</u> that a 'global' settlement of these various disputes can be achieved through the settlement conference." (<u>Id.</u> at 2)(emphasis added).

4

The United States asserts that even if the IRS Appeals Office reaches settlements with taxpayers similarly situated to the Culps, the United States would not be bound to settle the Culps' case on like terms. Once the IRS referred the Culp case to the Tax Division, exclusive authority to settle this action vested in the Attorney General or his delegate. See 26 U.S.C. § 7122(a); 26 C.F.R. § 301.7122-1(a)(1); United States v. Forma, 784 F. Supp. 1132, 1139 (S.D.N.Y. 1992); Michael I. Saltzman, IRS Practice and Procedure ¶ 15.07 (2006)("Once there has been a referral to the Justice Department, the Attorney General or his delegate, not the Service, has final authority to compromise a civil or criminal tax case."); Midwest Sports Medicine and Orthropedic Surgery, Inc. v. United States, 73 F. Supp.2d 870, 876-82 (S.D. Ohio 1999)(discussing Tax Division settlement procedures); In re Stone, 986 F.2d 898, 900-01 (5th Cir. 1993)(discussing Attorney General's authority to settle lawsuits under 28 U.S.C. § 510 and Justice Department regulations implementing settlement authority). Thus, the IRS Appeals Office "can no more settle this case indirectly by binding DOJ to settlement terms the IRS negotiated with other taxpayers, than the IRS can settle the case directly." Slovacek v. United States, 40 Fed. Cl. 828, 833 (Fed. Cl. 1998).

In addition, the Court agrees with the United States that staying this case at this stage of the proceedings would prejudice the United States. The United States has incurred significant costs preparing this case for the Court's dispositive legal ruling on the Cap Gemini Issue and trial. The Culps are well aware that the United States intends, and has intended, that their case be tried as the "test case" involving the Cap Gemini Issue. Should the Court stay this case, the United States would have to ask another court to lift the stay in another case involving the Cap Gemini Issue in order to litigate the dispositive legal question that is ready now for this Court's decision. The record reveals

5

that, in terms of readiness for summary judgment or trial, all of the other cases are far behind the Culp case. Thus, more discovery would be necessary, increased public expenditures would result, and several months of delay would ensue before the substitute "test case" could be ready for summary judgment or trial. Under these circumstances, the Court will not stay this case.

The Court also denies the Culps' alternative request to order the parties to participate in ADR proceedings. The Court finds that given the pending Summary Judgment Motion and the close trial date, and the totality of the circumstances, ADR is not appropriate at this time.

### III. CONCLUSION

Based on the foregoing, the Culps' Motion to Stay Proceedings (Docket No. 26) will be DENIED. The Court will consider the United States' pending Motion for Summary Judgment (Docket No. 18) and related Motions (Docket Nos. 32 and 36) by separate Memorandum.

An appropriate Order will enter.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE